An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

KIRK DOUGLAS WINGO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60794

FILED

APR 1 0 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Brent T. Adams, Judge.

Appellant Kirk Douglas Wingo contends that the district court erred by denying his claims of ineffective assistance of counsel without an evidentiary hearing. Wingo is not entitled to an evidentiary hearing unless his claims are supported by specific factual allegations that would, if true, have entitled him to relief. Hargrove v. State, 100 Nev. 498, 502, 686 P.3d 222, 225 (1984). "A defendant seeking post-conviction relief is not entitled to an evidentiary hearing on factual allegations belied or repelled by the record." Id. In his petition below, Wingo made four factual allegations which he claims would have entitled him to relief.

First, Wingo alleged that counsel never explained to him that he was facing a potential life sentence by pleading guilty. Assuming this factual allegation is true and counsel's failure rendered his performance deficient, in order for Wingo to obtain relief, Wingo must prove by a preponderance of the evidence that, but for counsel's deficient performance, there was a reasonable probability that "he would not have pleaded guilty and would have insisted on going to trial." Kirksey v.

13-10483

State, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996) (internal quotation marks and emphasis omitted). In his petition below, Wingo admitted that he "understood that the maximum penalty was life" and his signed plea agreement states that "I understand that the Court is not bound by the agreement of the parties." In light of this signed guilty plea agreement and Wingo's admission, he failed to establish by a preponderance of the evidence that there was a reasonable probability that he would have insisted on going to trial. Accordingly, this factual allegation, even if true, did not entitle Wingo to relief and the district court did not err by denying him an evidentiary hearing.

Second, Wingo alleged that his guilty plea agreement and plea canvass did not make it clear to him that the district court could impose a life sentence. Although Wingo claimed in his petition that he was not well-educated, he did not contend that he is illiterate or explain why he was unable to understand the terms of his guilty plea agreement. Having reviewed Wingo's guilty plea agreement, we conclude that its terms are clear. Accordingly, this claim is belied by the record and did not entitle Wingo to an evidentiary hearing.

Third, Wingo alleged that his counsel's investigator coerced him into pleading guilty by telling him he would never see his wife and daughter again. This statement was not coercive. See Brady v. United States, 397 U.S. 742, 750-51 (1970). Had Wingo not pleaded guilty and insisted on going to trial, he faced a possible sentence of life in prison without the possibility of parole. NRS 200.030(4)(b)(1). Accordingly, this allegation, if true, would not have entitled Wingo to relief.

Finally, Wingo alleged that counsel failed to investigate certain individuals who may have had a motive to commit the murder.

Wingo failed to name these individuals in his petition or explain what evidence such an investigation would have yielded. Such "'naked' allegations" did not entitle Wingo to an evidentiary hearing, see Hargrove, 100 Nev. at 502, 686 P.2d at 225, or satisfy his burden to prove deficiency and prejudice, see Kirksey, 112 Nev. at 988, 923 P.2d at 1107.

Having considered Wingo's contentions and concluded that the district court did not err by denying his claims of ineffective assistance of counsel without an evidentiary hearing, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:     Hon. Brent T. Adams, District Judge
        Edward T. Reed
        Attorney General/Carson City
        Washoe County District Attorney
        Washoe District Court Clerk